UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| AARON ELEKES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 5:13-CV-89 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

On May 7, 2013, Plaintiffs Aaron and Raquel Elekes filed the instant action against Defendant Wells Fargo Bank, N.A., in the 49th Judicial District Court of Webb County, Texas, following the foreclosure sale of the home in which they live. *See* Dkt. No. 1, Attach. 3.  Plaintiffs alleged fraud, breach of contract, promissory estoppel, and quantum meruit, and requested a declaratory judgment and attorney's fees. *See id.* at 15–18.  Defendant timely removed this action to this Court on May 31, 2013.  Dkt. No. 1.

Now pending before the Court is Defendant's Motion for Summary Judgment and Motion to Dismiss (Dkt. No. 24).  Under this Court's Local Rules, Plaintiffs were allowed 21 days to respond to Defendant's Motion.  *See* L.R. 7.3 & 7.4.  They have declined to do so, and the Court now treats Defendant's Motion as unopposed.  *See* L.R. 7.4.  For the reasons given below, Defendant's Motion (Dkt. No. 24) is **GRANTED**.

## I. Facts[1]

On March 22, 2007, Plaintiff Raquel Elekes executed a thirty-year Fixed Rate

---

[1] Because Plaintiffs did not file a response addressing any of the facts set forth in Defendant's Motion, the Court considers those facts undisputed. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .").

Mortgage Note ("Note") with World Savings Bank, FSB,[2] wherein she borrowed and agreed to repay $172,000 in monthly payments of $631.46 beginning May 1, 2007. Dkt. No. 24, Attach. 2 at 1–2. Elekes obtained the loan so that she and Plaintiff Aaron Elekes could purchase a home located at 803 Boise Way, Laredo, Texas. *Id.* On that same day, Plaintiffs signed a Deed of Trust in which they agreed to repay the amount owed to Defendant in accordance with the Note and conveyed the home to a trustee as security for their repayment. *See* Dkt. No. 24, Attach. 3 at 1–3. In the Deed of Trust, Plaintiffs agreed that it "[i]f there is a Breach of Duty by me, Lender may demand immediate payment of all sums secured. . . . If there is a Breach of Duty by me, the Lender may take action to have the Property sold. . . . Lender does not have to give me notice of a Breach of Duty unless notice is required by Applicable Law." *See id.* at 9–10. In the Note, a provision on notice in the event of default provides, "the Lender may send me a written notice, called 'Notice of Default,' telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount . . . ." Dkt. No. 24, Attach. 2 at 4.

On June 3, 2009, Defendant sent Plaintiff Raquel Elekes a Notice of Default, specifying that (1) Plaintiff was in default of her loan for failing to make required mortgage payments for two consecutive months; (2) Plaintiff must cure the default on or before July 3, 2009, by tendering $3,051.61 to Wachovia Mortgage; (3) failure to cure the default by July 3, 2009, would result in the acceleration of sums secured by the Deed of Trust, making the entire loan immediately due and payable, and the Lender

---

[2] On December 31, 2007, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB, which merged into Wells Fargo Bank, N.A. in November of 2009. *See* Dkt. No. 24 at 3. Defendant is the owner of and in possession of the original Note.

will seek foreclosure which will result in the forced sale of the property.  Dkt. No. 24, Attach. 5 at 1.  Plaintiffs did not cure their default by July 3, 2009.

On September 19, 2011, Defendant sent Plaintiffs a Notice of Acceleration of Maturity, in which Defendant informed Plaintiffs that the full amount secured by the Note was immediately due, for a total amount of $235,433.62.  Dkt. No. 24, Attach. 6 at 2.  The Notice of Acceleration also indicated that the amount necessary to cure existing defaults and reinstate the Note was $59,086.30.  *Id*. at 3.  On February 8, 2013, Defendant mailed Plaintiffs a Notice of Substitute Trustee's Sale, notifying Plaintiffs that the trustee would conduct a foreclosure sale of the home in which Plaintiffs live on May 5, 2013.  Dkt. No. 24, Attach. 7 at 2.  On February 25, 2013, Defendant sent Plaintiffs a payment change letter, indicating that the monthly loan payment was set to change to $974.49 beginning on May 1, 2013.  Dkt. No. 24, Attach. 10 at 1.  The next day, Defendant sent a letter informing Plaintiffs that they had not provided proper documentation for Defendant to determine their eligibility for mortgage assistance and that the foreclosure sale was scheduled for March 5, 2013.  Dkt. No. 24, Attach. 4 at 1.  At the March 5, 2013 foreclosure sale, Defendant was the highest bidder.  Dkt. No. 24, Attach. 12 at 2.

## II. Legal Standard[3]

---

[3] When a party moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court's analysis is typically based solely on the pleadings.  If, however, matters outside the pleadings are presented to the Court, the Court may treat the motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion, under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *see also Bowers v. Nicholson*, No. H-07-1910, 2007 WL 3047223, at *4 (S.D. Tex. Oct. 18, 2007) (construing motion to dismiss, or in the alternative, for summary judgment as motion for summary judgment where defendants attached materials outside the pleadings to the motion and plaintiff also responded with materials outside the pleadings).

If the Court chooses to construe the motion as one for summary judgment, parties must be given notice to avoid unfair surprise.  *See Douglas v. State of Texas*, No. 602CV080C, 2003 WL

Summary judgment is appropriate if the moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The initial burden is on the movant to point to portions of the record which he believes demonstrate the absence of a genuine dispute about a material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material when its truth or falsity "might affect the outcome of the suit under the governing [substantive] law."  *See id.*

When the movant would not bear the burden of proof at trial on a particular claim, he meets his initial burden on summary judgment if he identifies an element of the claim for which the non-movant has produced no evidence.  *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992).  Once the movant has met his initial burden, the burden then shifts to the non-movant to come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) ("Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must 'go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'" (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994))).

---

22861302, at *3 (N.D. Tex. Mar. 19, 2003).
      In the instant case, Defendant's motion gave Plaintiffs actual notice that it may be treated as a motion for summary judgment because of its title.  Accordingly, the Court treats Defendant's motion as a motion for summary judgment.

### III. Analysis

In Plaintiffs' Original Complaint, they allege common-law fraud, breach of contract, promissory estoppel, and quantum meruit claims.  They also seek declaratory relief and attorney's fees.[4]  For the reasons below, the Court concludes that Plaintiffs have presented no evidence to create a material fact dispute on any of the claims and accordingly dismisses this action with prejudice.  The Court now addresses each claim in turn.

#### i.    *Common-Law Fraud*

A fraud claim under Texas law requires a plaintiff to show "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury."  *Rio Grande Royalty Co. v. Energy Transfer Partners, LP*, 620 F.3d 465, 468 (5th Cir. 2010).  Under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must plead his claim with "'specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent.'"  *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011) (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Plaintiffs have not properly alleged the elements of fraud under the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Plaintiffs alleged that Defendant made a representation that payments had been adjusted and the new payment schedule would begin in May of 2013, Defendant knew the representation was

---

[4] Defendant asserts that it is unclear whether a wrongful foreclosure claim is pleaded but moves for summary judgment on that claim.  The Court finds that Plaintiffs have not pleaded a wrongful foreclosure claim.

false because it had hired a law firm to foreclose on the property, and Plaintiffs relied on the representation, which resulted in losing the property.   However, Plaintiffs failed to state the identity of the speaker who made the alleged fraudulent representation and failed to allege where and when such statements were made.   *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (finding fraud claim was not pleaded with particularity when Plaintiff did not "allege who at the company made the statements or when or where they occurred").   Therefore, Plaintiffs' fraud claim is not pleaded with sufficient particularly under Rule 9(b).

Furthermore, if Plaintiffs are referring to the correspondence Defendant sent Plaintiffs on February 25, 2013, which includes a notice that the minimum payment would change to $974.49 on May 1, 2013, their claim still fails as a matter of law. Plaintiffs have not submitted any evidence that shows they interpreted the letter to indicate Defendant was not moving forward with foreclosure.   Neither have Plaintiffs produced evidence that they relied on the letter to begin making $974.49 payments. Even if Plaintiffs did rely on the letter, their claim lacks merit because such reliance is not justifiable.   Plaintiffs received (1) Notice of Acceleration on September 19, 2011, (2) Notice of Foreclosure on February 8, 2013, and (3) a letter February 26, 2013, indicating that foreclosure was still set for March 5, 2013.   In addition, Plaintiffs had failed to remit any of the delinquent payments from the last four years.   In light of this background, Plaintiffs could not have reasonably relied on the letter.

### ii. Breach of Contract

The elements of a contract claim in Texas are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009). Defaulting on a loan, absent a showing that the lender actively prevented the plaintiff from making payment, precludes a plaintiff from demonstrating her own performance under the loan agreement. *See Woods v. Bank of America, N.A.*, No. 3:11-CV-1116-B, 2012 WL 1344343, at *3–4 (N.D. Tex. Apr. 17, 2012).

Here, Plaintiffs cannot show performance on the Note or Deed because Defendant has produced undisputed evidence that they were in default of their payment obligations under those agreements.   Defendant served Plaintiffs with Requests for Admission, to which Plaintiffs did not respond.  Such requests included admitting that Plaintiffs had breached the Note and Deed of Trust and that such breach allowed Defendant to foreclose on their home. Dkt. No. 24, Attach. 9 at 6–7.

Under Rule 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . ." *See In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) ("Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record."). Any matter admitted under this rule "is conclusively established unless the court, on motion, permits the

admission to be withdrawn or amended." FED. R. CIV. P. 36(b).  Thus, Defendant has conclusively established that Plaintiffs breached their agreement, and Plaintiffs have failed to come forward with any evidence creating a genuine fact dispute on this point.

Plaintiffs allege that Defendant amended the contract with notice of "a change of payment" set to begin after the foreclosure date.  Plaintiffs allege that Defendant then breached the amended contract by foreclosing on the home without providing notice of the acceleration.  However, Plaintiffs have not alleged or produced evidence of the new contract's terms,[5] nor have they alleged or produced evidence of their performance under that alleged amended contract.  Furthermore, Defendant has produced evidence that they provided notice of the acceleration in September of 2009.  Plaintiffs admitted that Defendant never agreed to modify the written loan agreement, informed them that their loan modification request was denied, and were given all proper notices of acceleration.  Dkt. No. 24, Attach. 9 at 9–12.  Therefore, there is no issue of material fact on this claim.

### iii. Promissory Estoppel

Under Texas law, the elements of a promissory estoppel claim are (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment.  *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 469 (S.D. Tex. 2012).  However, as discussed above, this claim also fails as a matter of law.  Plaintiffs have failed to produce any evidence that Wells Fargo made any promise to them or that they relied on that promise.  Indeed, Plaintiffs would have difficulty doing

---

[5] And because the new agreement would have modified an existing loan agreement exceeding $50,000 in value, Plaintiffs would have to produce a written agreement to satisfy the Texas statute of frauds.  *See Grevious v. Flagstar Bank, FSB*, No. H-11-246, 2012 WL 1900564, at *5 (S.D. Tex. May 24, 2012).

so because there is no promise in the February 25, 2013 letter that serves as the basis for this claim. That letter merely indicated that Plaintiffs' minimum monthly payment was changing; it did not mention the impending foreclosure sale of Plaintiffs' property. Furthermore, as fully explained above, even if a promise were read into the letter, Plaintiffs have provided no evidence that they relied on it to their detriment.  Thus, Plaintiffs have failed to create a genuine issue of material fact on this claim.

### iv. Quantum Meruit

"Qunatum meruit is a theory of recovery based on principles of unjust enrichment." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 762 (N.D. Tex. 2012).  To recover under quantum meruit, a plaintiff must show (1) valuable services were rendered or materials furnished; (2) to the parties sought to be charged; (3) which were accepted by the person sought to be charged, used, and enjoyed by him; (4) under circumstances that reasonably notified the recipient that the plaintiff expected to be paid. *Vortt Exploration Co. v. Chevron U.S.A.*, 787 S.W.2d 942, 944 (Tex. 1990).

The entirety of Plaintiffs' claim is below: "Plaintiffs had paid Defendant and/or their predecesors [sic] on the note as agreed and only failed to make payments when upon instruction of Defendant's agent or prediccesors [sic] in order to reduce the monthly payments. Plaintiff relied on the Promises and directions of Defendant to Plaintiff's detriment." Dkt. No. 1, Attach. 3 at 16–17.  Plaintiffs have not provided any evidence that they made any payments to Defendant, nor that they expected to be paid by Defendant.  Furthermore, such a theory makes little sense in the context of a mortgagor bringing suit against a mortgagee who has foreclosed.

### v. Declaratory Judgment

Plaintiffs seek a declaratory judgment that the Note is current and remains in effect and that it has not been accelerated. In addition, Plaintiffs seek the declaration that title be returned to Plaintiffs.

"Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011). Declaratory judgment is merely a form of relief that the Court may grant; it is not a substantive cause of action. *Id.* at 401. Thus, once the Court has dismissed all of the substantive claims, there are no claims left for which it may grant declaratory relief. *Id.* Because there is no case or controversy remaining, the Court dismisses the declaratory judgment request.

## IV. Attorney's Fees

Defendant seeks $13,564 in attorney's fees and $78.12 in costs incurred in opposing this suit based on Paragraph 7 of the Deed of Trust.

"State law controls both the award of and the reasonableness of fees awarded where state law applies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). A trial court "has discretion to fix the amount of attorney's fees, but does not have discretion to deny attorney's fees entirely if they are proper." *Mercier v. Southwestern Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 775 (Tex. App. 2007). Under Texas law, parties may enter into fee-recovery agreements where a defendant may recover attorney's fees for pure defense of a claim, even though defendant would not otherwise be entitled to attorney's fees under Texas statute. *See Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 628–29 (Tex. App. 2011). If a party claims

he is entitled to attorney's fees under a contract provision, then a court will assess such a request using normal principles of contract interpretation. *See id.* at 629–30.

Paragraph 7 of the Deed of Trust provides:

> If, (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property . . ., then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property Lender's actions may, without limitation, include appearing in court, paying reasonable attorney's fees . . . .
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, . . .

Thus, under ordinary contract interpretation, Defendant is entitled to reasonable attorney's fees for defending this suit. *See Olaoye v. Wells Fargo Bank NA*, No. 3:12-CV-4873-M-BH, 2014 WL 1017059, at *1–3 (S.D. Tex. Mar. 17, 2014) (finding Defendant entitled to fees under same contract language); *see also Castiblanco v. Wells Fargo Bank, N.A.*, No. H-12-473, 2013 WL 6079519, at *3 (S.D. Tex. Nov. 19, 2013) (same). Texas courts consider the eight factors enumerated in *Andersen* to determine whether the requested attorney's fees are reasonable. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). "It is within a district court's sound discretion to reduce the amount of an attorneys' fee award, including an award that is uncontested by an opposing party." *U.S. Leather, Inc. v. H & W P'ship*, 60 F.3d 222, 229 (5th Cir. 1995).

Defendant provided an affidavit from George A. Kurisky, Jr., who is one of the attorneys of record for Defendant from the firm Johnson DeLuca Kurisky & Gould, P.C., and an accounting of the number of hours spent on this action. *See* Dkt. No. 24, Attach. 8 at 1–8. The affidavit from defense counsel indicates that he charges $400 per hour and the associate working on the case charges $275 hourly. Mr. Kurisky also

indicates that the fees are reasonable for this type of case in the Southern District of Texas. Defendant submitted documentation on the number of hours spent on each task and which lawyer performed it. Plaintiffs have not contested the reasonableness of the attorney's fee request.

After consideration of the *Andersen* factors, the Court finds that the rates charged by defense counsel are reasonable compared with attorneys with similar experience in this market and that the majority of the hours worked and billed are reasonable. However, defense counsel billed four hours at $400 per hour for only .10 hours worked. Dkt. No. 24, Attach. 8 at 5. Therefore, the Court reduces the fee by the amount that appears to be overbilled, $1,560. Accordingly, the Court awards attorney's fees in the amount of $12,004.

The Court also awards costs in the amount of $78.12 that were reasonable and necessary in defending this suit, pursuant to Section 7(E) of the Note.

## V. Conclusion

For the reasons above, the Motion (Dkt. No. 24) is **GRANTED**.

It is so **ORDERED**.

**SIGNED** this 11th day of June, 2014.

Marina Garcia Marmolejo
United States District Judge